IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01943-RPM

_____

CONNEX INTERNATIONAL, INC.,

Plaintiff,

v.

JOHN CUCCARO, an individual, and

THE HIMARK GROUP, LLC, d/b/a COPPER CONFERENCING,

a Colorado limited liability company,

Defendants.

_____

STIPULATED PROTECTIVE ORDER

_____

Plaintiff Connex International, Inc. ("Connex") and Defendants John Cuccaro ("Cuccaro") and The Himark Group, LLC, d/b/a Copper Conferencing ("Copper"), by their undersigned counsel and in accordance with Fed. R. Civ. P. 26(c), hereby stipulate to the following:

1.	Designation of Confidential Material.

a.	Designated Material.  This civil action arises out of Defendant Cuccaro's employment relationship with Connex and certain alleged conduct by Defendants Cuccaro and Copper.  Cuccaro worked as a sales representative for Connex and, later, for Copper, both of whom operate in the teleconferencing industry.  As part of civil discovery in this action, Connex and Copper may produce certain proprietary business and marketing information.  This information is highly confidential, and the companies treat it as such.  Disclosure or use of their confidential business information could cause significant harm to the companies.  Cuccaro also may produce information about himself and his employment records that he contends is sensitive and personal.

The documents like those identified above are entitled to protection under Federal Rule of Civil Procedure 26(c), "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  Those documents constitute "Designated Material" under this Order, and may be marked with the stamp of "Confidential" on all pages.

The parties also may further designate certain Designated Material as "Attorneys' Eyes Only."  Such material shall only include information that is non-public and contains confidential or competitively sensitive technical, business, commercial, or personal information, such as pricing information; research, development, or technical information; marketing information; manufacturing and cost-related information; customer lists; product specifications; business plans; financial and accounting information; or licensing or contractual information.

All such "Confidential" and/or "Attorneys' Eyes Only" material and/or any information contained in or derived from any of that material shall be subject to the provisions of this Stipulated Protective Order until further order of the Court.

Nothing in this Stipulated Protective Order shall permit one party to designate materials produced by another party as "Confidential" or "Attorneys' Eyes Only," or otherwise subject those materials to the provisions of this Stipulated Protective Order, unless such material was originally the property of said party; was disclosed in breach of a duty of confidentiality; and, despite any such breach, is otherwise entitled to be treated as "Confidential" and/or "Attorneys' Eyes Only" as described herein.

b.  Designation Procedure for Deposition Testimony.  With respect to deposition testimony derived from the Designated Material, the deponent or his/her counsel, and/or any counsel representing any person at the deposition, shall invoke the provisions of this Protective Order in a timely manner, giving adequate warning to all persons present that testimony about to be given is "Confidential" and/or "Attorneys' Eyes Only."  The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Order on the record at the deposition shall have thirty days following mailing of the transcript by the court reporter in which to correct the failure.  Notice of such correction shall be made in writing to the court reporter, with copies to all other counsel of record, designating the portion(s) of the transcript that contain confidential information, and directing the reporter to mark that portion of the transcript accordingly.  Until such thirty days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential."

2. Use of Designated Material.

a. Designated Material shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order.

b. Absent consent of the parties or a Court Order, Designated Material marked "Confidential" produced in this action may be reviewed only by the following persons:

   i. the parties' attorneys of record;

   ii. the support and clerical staff of the parties' attorneys;

   iii. the parties;

   iv. expert witnesses and consultants retained in connection with this proceeding, including but not limited to information technology forensic consultants, accountants, and/or economists, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

   v. the Court, jurors, and/or court staff in any proceeding herein;

   vi. stenographic reporters who are engaged in depositions and/or other proceedings necessarily incident to the conduct of this action;

   vii. deponents during the course of their depositions; and

       viii.    other persons by written agreement of the parties.

   c.    Absent consent of the parties or a Court Order, Designated Material marked "Attorneys' Eyes Only" produced in this action may be reviewed only by:

       i.    any outside attorney for any firm of record engaged in this lawsuit and the employees of such attorneys;

       ii.    one designated party representative per party, which representative is actively engaged in assisting that party's attorneys in the conduct of this lawsuit to the extent reasonably necessary to enable the attorneys to render professional services in this lawsuit. The designated party representative for Connex is Ms. Debora Volansky. The designated party representative for Copper is Ms. Carolyn Bradfield. The designated party representative for Mr. Cuccaro is Mr. Cuccaro.

       iii.    expert witnesses and consultants retained in connection with this proceeding, including but not limited to information technology forensic consultants, accountants, and/or economists, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

       iv.    the Court, jurors, and/or court staff in any proceeding herein;

       v.    stenographic reporters who are engaged in depositions and/or other proceedings necessarily incident to the conduct of this action;

       vi.    deponents during the course of their depositions; and

       vii.    other persons by written agreement of the parties.

No authorized person allowed to view "Attorneys' Eyes Only" material of another party shall use any such material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims in this lawsuit.

3.  Access to Designated Material.  Material designated "Confidential" and/or "Attorneys' Eyes Only" under this Order, and copies, extracts, compilations, summaries and other materials that include or reflect such Designated Material, may not be provided to any person other than counsel for the parties and counsel's staff unless that person has executed an "Acknowledgement of Stipulated Protective Order" (a copy of which is attached hereto as Exhibit A), and may not be submitted to the Court unless under seal in accordance with Paragraph 4 below.

4.  Filing of Designated Materials with the Court.  If submitted to the Court (as pleadings or evidence), Designated Material shall be delivered sealed to the Court and shall not be available for public inspection.  Envelopes or containers used to seal such documents shall be filed in accordance with D.C.COLO.LCivR 7.2 and shall state the party or person who designated any confidential information that the document contains.  No such sealed envelope or container shall be provided to any individual not otherwise permitted to view the relevant Designated Material under this Protective Order.

5.  Errors in Designation.  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction within thirty days, or if previously produced, within thirty days of the entry of this Protective Order.  Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents

or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after date of designation.

6. Improper Disclosure. If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

7. Objections. A party may object to the designation of particular Designated Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Designated Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Designated Material under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Designated Material and shall not thereafter be treated as Designated Material in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party

designating the information as Designated Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Designated Material.

8. No Waiver. This Stipulated Protective Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any Designated Material. Nothing in this Stipulated Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which Designated Material shall be treated at trial.

9. Use of Designated Material at Trial. If a party seeks to introduce Designated Material into evidence at trial, that party shall promptly inform the Court of the confidential nature of the information and request that only the Court and those persons permitted access to such information under this Protective Order be present during the presentation of such evidence.

10. Final Disposition of Designated Material. Upon termination of this litigation following settlement or final judgment (including exhaustion of any possible appeals), the originals and all copies of Designated Materials shall be turned over to the Producing Party's counsel within thirty days. Attorneys of record may, however, retain copies of Designated Material for archival purposes.

11. Survival. The terms of this Protective Order shall survive termination of this litigation.

Respectfully submitted this 15th day of May, 2009.

s/ Amy L. Miletich

Amy L. Miletich

Miletich Pearl LLC

999 18th Street, Suite 1850 South Tower

Denver, Colorado  80202

Phone:  (303) 825-5500

amiletich@mplawllc.com

*Counsel for Plaintiff Connex International, Inc.*

s/ William T. Slamkowski

William T. Slamkowski

Hensley Kim & Holzer LLC

1660 Lincoln Street, Suite 3000

Denver, Colorado  80264

Phone:  (720) 377-0770

wslamkowski@hkh-law.com

*Counsel for Defendant The Himark Group, LLC, d/b/a Copper Conferencing*

s/Cameron W. Tyler

Cameron W. Tyler and Associates, P.C.

2969 Baseline Rod, Second Floor

Boulder, CO 80303

(303) 443-2644

law@camtylerlaw.com

*Counsel for Defendant John Cuccaro*

SO ORDERED this 18th day of May, 2009.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01943-RPM

_____

CONNEX INTERNATIONAL, INC.,

Plaintiff,

v.

JOHN CUCCARO, an individual, and

THE HIMARK GROUP, LLC, d/b/a COPPER CONFERENCING,

a Colorado limited liability company,

Defendants.

_____

ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

_____

      I, _____, declare as follows:

      1.     My present employer is _____.

11

2. My business address is _____

_____.

3. My occupation is _____.

4. I have reviewed a copy of the Stipulated Protective Order (the "Order") in this action, and I understand and agree to be bound by its terms and provisions.

5. I will hold in confidence, will not disclose to anyone not qualified or cleared under the Order, and will use only for approved purposes in this litigation, any Designated Material that is disclosed to me.

Exhibit A

6. I will return all Designated Material that comes into my possession, and all documents or things that I prepare relating thereto, to counsel for the party by whom I am employed or retained.

7. I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado and/or the courts of the State of Colorado for the purpose of enforcement of the Order.

8. I declare under penalty of perjury under the laws of the United States of America and the State of Colorado that the foregoing is true and correct.

13

DATED:

[Signature]

_____

[Print name]